UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
:
**KRISTOPHER A. CUNNINGHAM**, :
                     Plaintiff, :
: **MEMORANDUM AND ORDER**
    – against – : 23-CV-6376 (AMD) (LB)
:
:
**FEDERAL BUREAU OF PRISONS**, :
                     Defendant. :
:
------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

      The plaintiff is a pretrial detainee at the Metropolitan Detention Center ("MDC"). Proceeding *pro se*, he filed this action in the United States District Court for the Southern District of New York against the Federal Bureau of Prisons ("BOP"), alleging inadequate medical care in violation the Eighth Amendment. On August 15, 2023, the Southern District transferred the action to this Court. The Court grants the plaintiff's request to proceed *in forma pauperis*. For the reasons that follow, the plaintiff's complaint is dismissed under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. The plaintiff may amend his complaint within 45 days of this Order.

## LEGAL STANDARD

      To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although "detailed factual allegations" are not required, a complaint that includes only "labels and

conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; Fed. R. Civ. P. 8. A complaint fails to state a claim "if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (cleaned up).

Because the plaintiff is proceeding *pro se*, I construe his complaint liberally and evaluate it by "less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), to raise "the strongest arguments" that it suggests, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015) (cleaned up). Nevertheless, the Prison Litigation Reform Act requires district courts to screen civil complaints brought by prisoners against a governmental entity and dismiss them if they are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

## DISCUSSION

The plaintiff's claim states, in its entirety, that he is "not being treated for [his] undiagnosed flesh eating virus" in violation of the Eighth Amendment. (ECF No. 1 at 4.) The plaintiff brings this action against the BOP, seeking medical treatment and $1 million in monetary damages. (*Id.* at 5.)

As a general matter, a litigant may not sue the United States or any of its agencies in federal court unless the United States has waived its sovereign immunity. *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *see Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency . . . is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such

2

immunity is waived.") Because the BOP is a federal agency, the plaintiff's claims against it must be dismissed. *See* 28 U.S.C. § 1915A(b)(1).

However, because the plaintiff is proceeding *pro se*, I liberally construe his complaint to allege a claim under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971). A *Bivens* action allows a plaintiff to hold "individual federal officers" accountable for violating his constitutional rights. *See Arar v. Ashcroft*, 585 F.3d 559, 571 (2d Cir. 2009). I also interpret the plaintiff to allege a claim for deliberate indifference under the Fourteenth Amendment rather than the Eighth, because the Supreme Court has held that the rights of pretrial detainees—as opposed to convicted prisoners—must be analyzed under the Due Process Clause of the Fourteenth Amendment. *See Darnell v. Piniero*, 849 F.3d 17, 29 (2d Cir. 2017) (citing *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983)).

"[A] detainee asserting a Fourteenth Amendment claim for deliberate indifference to his medical needs can allege either that the defendants *knew* that failing to provide the complained of medical treatment would pose a substantial risk to his health or that the defendants *should have known* that failing to provide the omitted medical treatment would pose a substantial risk to the detainee's health." *Charles v. Orange Cnty.*, 925 F.3d 73, 87 (2d Cir. 2019); *Darby v. Greenman*, 14 F.4th 124, 128 (2d Cir. 2021). The plaintiff's one-sentence description of his claim does not satisfy that standard. The plaintiff's claim is therefore dismissed.

The plaintiff may amend his complaint within 45 days of this Order. He must explain why he believes he has a flesh-eating virus, what he has done to request treatment and how the MDC officials responded to his requests. In particular, the plaintiff must indicate whether he

3

has filed any formal grievances with the BOP and how the BOP responded to those grievances.[1] He must also identify specific corrections officers to whom he spoke about his condition and provide all the relevant dates. If the plaintiff does not know the corrections officers' names, he may refer to them as John or Jane Doe. The plaintiff's amended complaint must be labeled "Amended Complaint" and bear the same docket number as this Order, 23-CV-6376 (AMD) (LB).

---

[1] In addition to a claim under the Fourteenth Amendment, the plaintiff might also be able to make a claim under the Federal Tort Claims Act ("FTCA"). The FTCA "constitutes a limited waiver of sovereign immunity by the United States and permits a tort suit against it under specified circumstances." *Liranzo v. United States*, 690 F.3d 78, 85 (2d Cir. 2012) (citation omitted). However, before bringing a claim under the FTCA, the plaintiff must exhaust his administrative remedies. That means he must (1) file a claim for money damages with the BOP and (2) receive a final written determination from the BOP. *See* 28 U.S.C. § 2675(a); *Phillips v. Generations Family Health Ctr.*, 723 F.3d 144, 147 (2d Cir. 2013). An FTCA claim must be "presented in writing to the [BOP] within two years after such claim accrues" and an FTCA action in federal court must be commenced within six months of the BOP's decision. *Roberson v. Greater Hudson Valley Family Health Ctr., Inc.*, No. 17-CV-7325, 2018 WL 2976024, at *2 (S.D.N.Y. June 12, 2018) (citing 28 U.S.C. § 2401(b)). The proper defendant for an FTCA claim is the United States of America. *See* 28 U.S.C. § 2679(d)(1).

4

## CONCLUSION

The plaintiff's complaint is dismissed under 28 U.S.C. § 1915A(b)(1).  No summons will issue at this time.  The plaintiff may amend his complaint within 45 days of this Order if he cures the deficiencies discussed above.  If the plaintiff does not file and amended complaint within that time, his claims will be dismissed with prejudice and the case will be closed.

The Clerk of Court is respectfully directed to mail a copy of this Order and a prisoner's civil rights form complaint to the plaintiff at the address listed on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

                                                s/Ann M. Donnelly

                                                ANN M. DONNELLY
                                                United States District Judge

Dated: Brooklyn, New York
         September 8, 2023